UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 20-cr-285 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 37 & 38] |
| Dameion Sloan, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Dameion Sloan pleaded guilty to federal firearms charges. This Court sentenced him to 85 months' incarceration and entered judgment on February 12, 2021. He now moves *pro se* to set aside or modify his sentence under 28 U.S.C. § 2255. The Government moves to dismiss Petitioner's motion as untimely. Because Petitioner failed to file his § 2255 petition within the one-year statute of limitations, this Court **DENIES** his § 2255 motion and **GRANTS** the Government's motion to dismiss.

I. Background

On October 23, 2020, Petitioner Dameion Sloan pleaded guilty to four firearms-possession charges.[1]

Sloan's plea followed two 2020 arrests while possessing firearms.[2] One of the firearms that Sloan possessed had an extended magazine.[3]

---

[1] Doc. 35 at 8–9 (PageID 197–98).
[2] *Id.* at 13–15 (PageID 202–04).
[3] *Id.* at 13 (PageID 202).

Case No. 20-cr-285
Gwin, J.

The Government charged Petitioner for both incidents. Because Petitioner was both a felon and a domestic-violence offender, the Government charged each incident under both 18 U.S.C. § 924(a)(2) and §§ 922(g)(1) and (9).[4]

After Sloan's guilty plea, the Court sentenced Petitioner to 85 months' incarceration and entered judgment on February 11, 2021.[5] Sloan filed no appeal.[6] Sloan is now incarcerated at FCI Williamsburg.[7]

Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[8] The Government moves to dismiss Sloan's petition as untimely.[9]

II.   Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) gives one year to collaterally attack a sentence under § 2255.[10] That year typically starts on the date

---

[4] Doc. 3.
[5] Doc. 31.
[6] The petition and brief both state that Petitioner did not appeal. Doc. 37 ¶ 8 (PageID 211); Doc. 37-1 at 4 (PageID 225). Although petitioner's brief later asserts that "the 4th Circuit denied his direct appeal," Doc. 37-1 at 19 (PageID 240), the Court found no record of such an appeal, nor did Petitioner provide any. In the Court's view, this assertion likely resulted from recycling an older petition.
[7] Doc. 37-2.
[8] Doc. 37.
[9] Doc. 38.
[10] Antiterrorism & Effective Death Penalty Act of 1996, P.L. 104–132, April 24, 1996, 110 Stat. 1214; 28 U.S.C. § 2255(f).

Case No. 20-cr-285
Gwin, J.

judgment becomes final.[11]  If, like here, a petitioner does not file a direct appeal, judgment becomes final on the date the trial court enters judgment.[12]

Sometimes, though, petitioners have longer than a year to file their § 2255 motion. If the government somehow prevents a petitioner from filing his motion, AEDPA's clock pauses until the government's interference ends.[13]  Courts may also equitably toll the one-year limit when, despite a petitioner's best efforts, extraordinary circumstances prevent him from timely filing.[14]

Unless one of those exceptions applies, Sloan's petition is untimely.  The Court entered judgment on February 11, 2021.  Petitioner did not appeal.  So, his § 2255 cut-off date was February 11, 2022.  He filed this petition on July 18, 2022, over six months late.

Petitioner argues that the government-impediment exception and equitable tolling apply.  The Court disagrees.  But even if his petition were timely, some of the issues Petitioner raises do not sufficiently support an evidentiary hearing.

### a. Government Interference

The government-impediment exception doesn't apply.

---

[11] *See* 28 U.S.C. § 2255(f)(1); *Simmons v. United States,* 974 F.3d 791, 796 (6th Cir. 2020), cert. denied, 142 S. Ct. 23, 211 L. Ed. 2d 274 (2021).
[12] *Id.*
[13] 28 U.S.C. § 2255(f)(2).
[14] *See Hall v. Warden, Lebanon Correctional Institute,* 662 F.3d 745, 750 (6th Cir. 2011).

Case No. 20-cr-285
Gwin, J.

The Sixth Circuit's recent *Simmons v. United States* opinion explained that a government-impediment argument requires three showings. First, petitioner must say that an impediment prevented him from filing on time.[15] Then, he must explain how the government's illegal actions created that impediment.[16] Finally, he must point out how the impediment caused him to untimely file.[17]

Petitioner satisfies the impediment requirement by alleging that his restricted library access delayed his motion.[18]

But although the government created that impediment, "restrictions of prisoner library time are constitutional so long as those restrictions do not deny a prisoner's access to the courts."[19] Even a limit of only one hour of weekly library access is constitutional.[20] So Petitioner, who had three hours' weekly access cannot point to any *illegal* government action here.

Moreover, like the *Simmons* petitioner, Petitioner hasn't explained the "causal relationship" between the impediment and his untimely filing.[21] Specifically, he hasn't explained why he needed more than three hours per week in the library to file on time.

---

[15] *Simmons*, 974 F.3d at 796.
[16] *Id.* at 796–97.
[17] *Id.* at 797.
[18] Doc. 37-1 at 19–20 (PageID 240–41).
[19] *Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003).
[20] *See id.*
[21] *Simmons*, 974 F.3d at 797.

-4-

Case No. 20-cr-285
Gwin, J.

### b. Equitable Tolling

Petitioner says that equitable tolling applies because the BOP's COVID lockdown protocols restricted his library time and made it harder to get help from others.[22]

For equitable tolling to apply, a petitioner must show that an extraordinary circumstance caused his untimely filing and that he otherwise pursued his claims diligently.[23] The Sixth Circuit instructs that courts should grant equitable tolling sparingly.[24]

A petitioner's incarceration during the pandemic doesn't automatically toll AEDPA's limitation.[25] The petitioner must show that the pandemic "specifically prevented him from filing his motion."[26] Equitable tolling applies if, for example, the pandemic "halted ongoing investigations and prevented counsel from obtaining necessary court records."[27]

Petitioner's bare assertions that the pandemic limited his access to the law library and help from others don't merit equitable tolling. A petitioner's "lack of access to law library resources … alone [is] insufficient to warrant equitable tolling."[28] This is especially

---

[22] Doc. 37-1 at 20 (PageID 241).
[23] *Hall*, 662 F.3d at 749–50 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).
[24] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).
[25] *See United States v. West*, 578 F. Supp. 3d 962, *7–8 (N.D. Ohio 2022) (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec 14, 2020)).
[26] *Id.* (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)).
[27] *See id.* (quoting *Dunn v. Baca*, No. 3:19-cv-702, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020)).
[28] *Thornton v. United States*, No. 20-1545, 2020 U.S. App. LEXIS 27511, at *1 (6th Cir. Aug. 27, 2020) (citing *Hall*, 662 F.3d at 751–52).

Case No. 20-cr-285
Gwin, J.

true where, as here, "a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing ... ."[29]

Further, at least one other inmate incarcerated at FCI Williamsburg has submitted a timely *pro se* § 2255 motion while subject its COVID protocols.[30] Petitioner does not explain why the same protocols delayed his filing.

Moreover, petitioner did not explain how he otherwise diligently pursued his claims. The Sixth Circuit identifies *Solomon v. United States*[31] as an example of petitioner diligence.[32] In *Solomon*, the petitioner moved prisons twice without his legal materials in the weeks just before his petition's due date.[33] He promptly informed the district court of his circumstances and filed his petition less than a month late.[34]

Petitioner, in contrast, has "provide[d] no information about any actions he took"[35] between his judgment becoming final and his six-months-late filing. So, the Court cannot find that he has diligently pursued his claims.

Ultimately, Petitioner's explanation for filing late doesn't justify tolling AEDPA's limitations period. His petition is untimely.

---

[29] *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017).
[30] *See Miller v. United States*, Nos. 7:19-CR-179, 7:21-cv-96, 2022 WL 1131622 (E.D.N.C. April 15, 2022).
[31] 467 F.3d 928 (6th Cir. 2006).
[32] *See Hall*, 662 F.3d at 751–52.
[33] *Id.* (citing *Solomon*, 467 F.3d at 934).
[34] *Id.*
[35] *See Andrews*, 2017 WL 6376401, at *2.

Case No. 20-cr-285
Gwin, J.

### c. Petitioner's Claims

Even if Petitioner had timely filed, his ineffective-assistance-of-counsel claims would not justify evidentiary hearings or § 2255 relief.

Ordinarily, a § 2255 petition requires an evidentiary hearing to determine its claims' merits. But that's not the case if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."[36]

#### i. Section 922(g)'s Knowledge Element

First, Petitioner argues that his attorney failed to counsel him that to be convicted of illegally possessing a firearm after a domestic violence conviction under 18 U.S.C. § 922(g)(9), as alleged in Counts Two and Four, the Government would be required to show Sloan knew that he had been convicted of a domestic-violence misdemeanor. He argues he would have proceeded to trial had he known about his charges' knowledge element.

Even assuming that Sloan could establish his counsel had failed to advise him that the Government needed show his knowledge of the misdemeanor conviction, it wouldn't warrant changing Petitioner's sentence. The Government separately convicted Sloan of

---

[36] *Gabrion v. United States*, 43 F.4th 569, 589 (6th Cir. 2022).

-7-

Case No. 20-cr-285
Gwin, J.

two counts of illegally possessing a firearm after a felony unrelated to the domestic violence conviction.

Federal sentencing guidelines require courts to group closely related counts when calculating the proper offense level.[37] If counts in the same group have different offense levels, the highest offense level applies.[38]

The Court grouped Petitioner's firearms offenses here.[39] Petitioner received convictions for both possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1) and possessing a firearm after being convicted of a prior misdemeanor domestic violence conviction, 18 U.S.C. § 922(g)(9).[40]

The Court picked Sloan's offense level unrelated to any conviction of possessing a firearm after a domestic violence conviction. The Court established Sloan's offense level of 26 based upon Sloan's previous conviction of two felony crimes of violent or controlled substance and Sloan's possession of a firearm with a large-capacity magazine.[41] So regardless of the possession charge after the earlier domestic violence misdemeanor conviction, Sloan's Guidelines base offense level was 26.[42]

---

[37] U.S.S.G. §3D1.1.
[38] U.S.S.G. §3D1.3.
[39] Sent. Tr. at 2.
[40] *Id.* at 1.
[41] *Id.* at 2.
[42] *Id.*; U.S.S.G. §2K2.1(a)(1).

Case No. 20-cr-285
Gwin, J.

Essentially, Petitioner's domestic-violence-offender-in-possession charges were irrelevant to his sentencing. His prior felonies and high-capacity weapon determined his offense level, not his misdemeanor offenses. And Petitioner concedes he would not have challenged the felon-in-possession charges at trial.[43]

Further, even without grouping, the record contradicts Petitioner's contention that he was unaware of his prior domestic violence convictions:

> THE COURT: Okay. Let me ask, had you previously been convicted of domestic violence in August 2009 in Cuyahoga County Common Pleas?
>
> THE DEFENDANT: Yes. Yes, sir.
>
> …
>
> THE COURT: And had you been earlier convicted of domestic violence and vandalism in 2006 in Cuyahoga County Common Pleas Court?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And had you earlier been convicted of misdemeanor domestic violence in 2004 in Common Pleas Court?
>
> THE DEFENDANT: Yes, sir.[44]

Petitioner's contention that his "guilty plea calculus" would have changed if his attorney had informed him of § 922(g)(9)'s knowledge requirement is therefore implausible.

---

[43] Doc. 37-1 at 13 (PageID 234). ("[A] defendant who previously served more than a year in prison for a single conviction could not plausibly argue that he did not know his conviction had a maximum punishment exceeding a year. … [The] knowledge element does not materially change the guilty plea calculus.").
[44] Doc. 35 at 16–17 (PageID 205–06).

-9-

Case No. 20-cr-285
Gwin, J.

### ii. Attorney's Failure to Appeal

Petitioner next argues that his attorney was ineffective because his attorney did not file a requested appeal. Specifically, Petitioner took issue with this Court's criminal-history calculations.

Petitioner waived nearly all his appellate rights in his plea agreement.[45] Under his agreement, he could appeal only sentences that exceeded the statutory or guidelines-range maximum.[46] He did not retain the right to appeal the Court's guidelines-range calculations.

Still, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel … ."[47]

But whether Petitioner may have been entitled to an evidentiary hearing on this claim within the limitations period is ultimately irrelevant. This petition arrived late. So, the Court cannot consider his claim's merits.

### III.   Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion and **GRANTS** the Government's motion to dismiss. Further, the Court certifies, pursuant to 28

---

[45] Doc. 24 at ¶ 18 (PageID 97).
[46] *Id.*
[47] *Campbell v. United States*, 686 F.3d 353, 360 (6th. Cir. 2012).

Case No. 20-cr-285
Gwin, J.

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[48]

IT IS SO ORDERED

Dated: September 6, 2022                               s/         James S. Gwin
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[48] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).